NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE R. SOLANO, | No. 18-56128 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01116-R-JEM |
| v. | |
| AFFINIA DEFAULT SERVICES, LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted April 17, 2019[**]

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

Jose R. Solano appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims relating to foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district

court's dismissal under Federal Rules of Civil Procedure 9(b) and 12(b)(6).  *Vess v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We affirm.

The district court properly dismissed Solano's Racketeer Influenced and Corrupt Organizations Act ("RICO") and fraud claims because Solano failed to allege facts sufficient to satisfy the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing heightened pleading standard under Rule 9(b), which applies to state law claims alleging fraudulent conduct); *Odom v. Microsoft Corp.*, 486 F.3d 541, 547-48, 553-54 (9th Cir. 2007) (en banc) (setting forth elements of RICO claim and noting that RICO fraud allegations are subject to heightened pleading standard under Rule 9(b)).

The district court properly dismissed Solano's Real Estate Settlement Procedures Act ("RESPA") claim because Solano failed to allege facts sufficient to show that he suffered actual damages from an alleged RESPA violation. *See* 12 U.S.C. § 2605(f)(1) (limiting recovery to actual damages where there is no pattern or practice of noncompliance with the requirements of § 2605).

The district court properly dismissed Solano's cancellation of instruments claim because Solano failed to allege facts sufficient to show that the instruments at issue were either void or voidable. *See Thompson v. Ioane*, 218 Cal. Rptr. 3d 501, 512 (Ct. App. 2017) (elements of a cancellation of instruments claim under California law).

18-56128

Because all of Solano's claims were properly dismissed, the district court properly denied Solano's requests for declaratory and injunctive relief because Solano had no claim upon which to request relief or remedies. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary injunctive relief would have no practical consequences, and the issue is therefore moot); *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (in order "[t]o obtain declaratory relief in federal court, there must be an independent basis for jurisdiction").

The district court did not abuse its discretion by dismissing Solano's complaint without leave to amend because amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

Contrary to Solano's contention that defendants violated Local Rule 7-3, defendants did not violate the local rule because they were exempt from complying with it. *See* C.D. Cal. R. 7-3 (rule does not apply to cases exempted under Local Rule 16-12), C.D. Cal. R. 16-12(c) (exempted cases include "[a]ny case in which the plaintiff is appearing pro se").

We do not consider matters not specifically and distinctly raised and argued

in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Solano's contentions that the district court engaged in any judicial misconduct or failed to evaluate properly Solano's claims.

**AFFIRMED.**